UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTOPHER A. WREDE,<br><br>                Petitioner,<br><br>v.<br><br>CASEY R. FATZINGER,<br><br>                Respondent. | Case No. 1:22-cv-00071-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Kristopher A. Wrede, a probationer subject to supervision by the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus. *See* Dkt. 1. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## REVIEW OF PETITION

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 484). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging custodial conditions. *Badea*, 931 F.2d at 574. Therefore, "if a state prisoner's [or probationer's] claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

**2.     Discussion**

Petitioner was convicted of threatening a public official in violation of Idaho Code § 18-1353A. Petitioner's five-year sentence was suspended, and he was placed on probation. The Idaho Court of Appeals affirmed the conviction, and the Idaho Supreme Court denied review. *See* Dkt. 1 at 2. Petitioner filed a state post-conviction petition, which appears to remain pending in state court. *Id*.

The Petition does not challenge Petitioner's conviction or sentence. Instead, Petitioner alleges (1) a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, (2) a claim stemming from lies about Petitioner's ability to work

from a person with the Idaho State Hospital South; (3) a claim that a county sheriff is harassing Petitioner by "being dishonest with the people who are trying to help [him]," and (4) a claim that the "Idaho Code cannot support [the] DSM-V." *Id*. at 2–4. A decision in Petitioner's favor on these claims would not result in his immediate or speedier release from custody, but, instead, an order requiring the cessation of the allegedly illegal activities. Therefore, Petitioner's claims are not cognizable—meaning they cannot be heard—in habeas corpus and should instead be asserted as civil rights claims under § 1983.

Because the Petition does not seek to invalidate Petitioner's conviction or sentence, it appears subject to summary dismissal. Petitioner may pursue such claims by filing a separate civil rights complaint, accompanied by the $402 filing fee or an application to proceed in forma pauperis. *See* U.S.C. § 1915.

## ORDER

**IT IS ORDERED:**

1. Petitioner may file a response to this Order within 28 days, addressing the Court's analysis and explaining why Petitioner believes his habeas petition is not subject to summary dismissal. At that time, Petitioner may also file an amended petition if he intends to assert habeas claims that challenge his conviction or sentence.

2. Because the petition does not assert cognizable habeas claims—and, thus, Petitioner cannot proceed on the petition at this time—Petitioner's Motion

for Exception to Exhaustion of State Court Remedies and Motion for Emergency Hearing (Dkts. 5 & 6) are DENIED AS MOOT.

DATED: May 12, 2022

_____
Honorable Candy W. Dale
U.S. Magistrate Judge